MAYER BROWN LLP
JOHN P. ZAIMES (SBN 91933)
*jzaimes@mayerbrown.com*
JUSTIN R. DICKERSON (SBN 285041)
*jdickerson@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MAYER BROWN LLP
ARCHIS A. PARASHARAMI
(*pro hac vice* application to be filed)
*aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, District of Columbia 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Attorneys for Defendant
LYFT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS O'CONNOR, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LYFT, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:16-cv-00351<br><br>**NOTICE OF REMOVAL**<br><br>**PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>**STATE COURT CASE NO. CIV536658** |

PLEASE TAKE NOTICE that defendant Lyft, Inc. ("Lyft") hereby removes the above-captioned case, currently pending in the Superior Court of the State of California for the County of San Mateo, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.[1]  As grounds for removal, Lyft states the following:

1. Plaintiff Douglas O'Connor commenced this putative class action in state court by filing a Complaint on or around December 18, 2015, in the Superior Court of the State of California for the County of San Mateo; the state court complaint was docketed as Case No. CIV536658.

2. Plaintiff named as Defendants Lyft and twenty "Does."  Copies of the Complaint and summons were served upon Lyft on December 23, 2015.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all "process, pleadings, and orders served upon" Lyft—specifically, the Complaint, summons, and orders served upon Lyft in the state action—are attached as Exhibit A to this Notice.

3. In his Complaint, Plaintiff alleges that he "receive[d] automated text messages from Lyft on his cellular phone" without his consent.  Compl. ¶¶ 25-26.  Plaintiff asserts that this alleged conduct violated the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (Compl. ¶¶ 57-63), and constituted an "'unlawful' and 'unfair' business act[] and practice[] within the meaning of . . . California's Unfair Competition Laws," Cal. Bus. & Prof. Code § 17200 *et seq.* (Compl. ¶ 65).

**FEDERAL QUESTION JURISDICTION**

4. The Complaint alleges a cause of action under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*  Specifically, paragraph 11 of the Complaint alleges that Lyft sends text messages "to prospective Lyft drivers, like Plaintiff, on their cellular telephones without their prior express consent, in violation of the TCPA."  Compl. ¶ 11.

5. Because plaintiff asserts a federal claim, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  *See Mims v. Arrow Fin. Servs., LLC*,

---

[1] By removing this action, Lyft does not concede that this action may be litigated in court rather than in arbitration.  Lyft reserves the right to move to compel arbitration.

132 S. Ct. 740, 753 (2012) (holding that Section 1331 gives federal district courts federal-question jurisdiction over TCPA claims).

6. This Court also has supplemental jurisdiction, under 28 U.S.C. § 1367, over plaintiff's state-law claim for alleged violation of California's Unfair Competition Law because that claim arises out of the same alleged acts on which plaintiff premises his federal TCPA claim. *See* Compl. ¶¶ 65-67. The action therefore is removable under 28 U.S.C. § 1441(a).

**NOTICE**

7. In accordance with 28 U.S.C. § 1446(d), Lyft is filing a notice of this removal with the clerk of the Superior Court of the State of California for the County of San Mateo and serving a copy on the plaintiff. Copies of those notices to the California court and to plaintiff are attached as Exhibits B and C.

**VENUE**

8. The United States District Court for the Northern District of California encompasses the County of San Mateo, where the state-court action was filed. *See* 28 U.S.C. § 84(a). Accordingly, removal to the Northern District is proper pursuant to 28 U.S.C. § 1441(a).

Dated: January 21, 2016

MAYER BROWN LLP

By: */s/John P. Zaimes*
    John P. Zaimes

Attorneys for Defendant
LYFT, INC.

MAYER BROWN LLP
ARCHIS A. PARASHARAMI
(*pro hac vice* application to be filed)
*aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, District of Columbia  20006
Telephone: (202) 263-3000
Facsimile:  (202) 263-3300