# EXHIBIT A

Patrick N. Keegan, Esq. (SBN 167698)
*pkeegan@keeganbaker.com*
**KEEGAN & BAKER, LLP**
5055 Avenida Encinas, Suite 240
Carlsbad, California 92008
Telephone: (760) 929-9303/Fax: (760) 929-9260

Attorney for Plaintiff
DOUGLAS O'CONNOR

FILED
SAN MATEO COUNTY
DEC 18 2015
Clerk of the Superior Court
By _____
DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| DOUGLAS O'CONNOR, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LYFT, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: CIV536658<br>**CLASS ACTION COMPLAINT**<br><br>1. **Telephone Consumer Protection Act (47 U.S.C. §§ 227 et seq.)**<br>2. **California Business and Professions Code §§ 17200 et seq.**<br><br>**COMPLEX CASE (CLASS CLAIMS)**<br><br>JURY DEMANDED<br><br>**BY FAX** |

Plaintiff Douglas O'Connor ("Plaintiff"), through his undersigned attorney, on behalf of himself and all other persons similarly situated, alleges on information and belief against Lyft, Inc. (hereinafter "Lyft" or "Defendant") and DOES 1 through 20, as follows:

## INTRODUCTION

1.      Plaintiff bring this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, individually and on behalf of all other persons similarly situated, as a result of Lyft's practice of sending text messages, i.e. wireless spam, to Plaintiff, and all other persons similarly situated, located in California, on their cellular telephones without

their prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2.     The TCPA exists to prevent communications like the ones described within this complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     By passing the TCPA, Congress intended to provide consumers a choice as to how telemarketers may call them and found that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Pub. L. No. 102–243, § 11.  Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance . . ." *Id.* at §§ 12-13.

4.     The TCPA's ban on telephone calls made using "an automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), has been interpreted to extend to unsolicited autodialed text messages sent to cellular phones. *E.g.*, FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012 WL 5986338 (Nov. 29, 2012); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 876 (9th Cir. 2014); *Gager v. Dell Fin. Servs., Inc.*, 727 F.3d 265, 269 n.2 (7th Cir. 2013).

5.     Lyft acts as a passenger transportation service that connects riders and drivers through a cellular telephone application.

6.     Lyft's cellular telephone application allows users to request and pay for "on-demand" car services.

7.     Lyft drivers use their own cars to provide the car services but receive requests from Lyft users via the cellular telephone application.

8.      Lyft has rapidly expanded since its founding in 2012 and now provides services in over 65 cities, with plans to expand domestically.

9.      As of May 2015, Lyft had raised more than $1 billion from investors including Carl Icahn, Rakuten, Coatue Management, Alibaba, Andreessen Horowitz, Fortress, Third Point, Founders Fund, Mayfield Fund, K9 Ventures and Floodgate.

10.     With the ever-increasing demand for more rides in even more cities, Lyft has taken an aggressive approach to recruit new drivers onto their Lyft platform.

11.     Lyft's recruiting tactics include sending prolific text messages, i.e. wireless spam, to prospective Lyft drivers, like Plaintiff, on their cellular telephones without their prior express consent, in violation of the TCPA and the California Business and Professions Code § 17200 et seq.

## JURISDICTION AND VENUE

12.     This Court has personal jurisdiction over Defendant and jurisdiction over this action pursuant to the California Code of Civil Procedure § 410.10, since Defendant is qualified and registered to do business, and in fact does business, in California.

13.     Venue as to the Defendant is proper in this judicial district pursuant to the provisions of the California Business and Professions Code § 17203, and the California Code of Civil Procedure §§ 395(a) and 395.5 because Plaintiff, on behalf of all other persons similarly situated, is seeking damages in excess of the jurisdictional minimum of this Court; Plaintiff resides in this judicial district; Defendant at all times mentioned herein has transacted business within this judicial district, in the San Mateo County and in the State of California; and the violations of law herein described have been committed within this judicial district, in the San Mateo County and in the State of California.  Moreover, by doing business in this judicial district and committing

violations of the TCPA and the California Business and Professions Code in this judicial district, Defendant's conduct has had an adverse effect upon the finances of residents of this judicial district.

14.     No federal question jurisdiction exists because a claim brought under the Act lies within the jurisdiction of this state court, since state courts have concurrent jurisdiction over the federally-created TCPA causes of action. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012).

15.     No federal diversity jurisdiction exists between Plaintiff and Defendant because Plaintiff's claim is less than $75,000, exclusive of attorneys' fees, costs, and interest.

**PARTIES**

16.     Plaintiff Douglas O'Connor is and at all times relevant was an adult residing in South San Francisco, within this judicial district, in the San Mateo County and in the State of California. On multiple occasions over multiple days, including June 28, 2013 and July 19, 2013, within the applicable statute of limitations period and within four years prior to the date this Complaint was filed, Lyft sent the text messages using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).  These text messages constitute use of "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).  These text messages that Lyft sent were not for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i). Plaintiff's cellular telephone number Lyft sent text messages to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts as described in 47 U.S.C. §227(b)(1)(A)(iii).  Plaintiff did not provide express consent to Lyft to receive text messages on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

17.     Defendant Lyft, Inc. (hereinafter "Defendant" or "Lyft") is a Delaware corporation and states in its filings with the California Secretary of State that its principal place of business is located at 2300 Harrison St, San Francisco, CA 94110.  Lyft sent the text messages to Plaintiff on his cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), at locations within this judicial district.

18.     Whenever in this complaint reference is made to any act of Lyft, such reference shall be deemed to mean that such corporate defendant did the acts alleged in the complaint through its officers, directors, agents, employees, and/or representatives while they were acting within the actual or ostensible scope of their authority.

19.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to the Plaintiff, who therefore sues the Defendants by such fictitious names under the Code of Civil Procedure § 474.  Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES 1 through 20 when such identities become known.  Any reference made to a named defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 20, inclusive.

20.     Each Defendant acted in all respects pertinent to this action as the agent or joint venturer of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other

Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

21.    Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in violating the law, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

22.    In or around June of 2013, Plaintiff was interested in becoming a driver for Lyft.  He began the sign-up process on Lyft's Internet website to learn about the requirements to become a Lyft driver.

23.    Plaintiff provided some of his personal information to Lyft at the beginning of the sign-up process, but he decided not to complete the process or become a driver.

24.    Plaintiff never finished the process to become a Lyft driver, and withdrew his application.

25.    Plaintiff did not, at any point during the sign-up process, provide Lyft with his express consent to receive automated text messages to his cell phone.

26.    In June of 2013, Plaintiff began to receive automated text messages from Lyft on his cellular phone.

27.    Specifically, on June 28, 2013, Lyft sent Plaintiff a text message: "Hey there! Your Lyft driver application is nearly finished but before we can proceed, I need you to open the Lyft app and follow the short tutorial that pops up"... A second text continued: "...when you tap the

car icon. Just give me a call back at (415) 508-4571 when you've done that and I'd be happy to help you become a part of the Lyft community :) ".

28.     On July 19, 2013, Lyft sent Plaintiff another text message: "Are you still interested in driving with Lyft? If not, reply no. If so, call me at 415-508-4571. Olivia @ Lyft."

29.     Lyft never sent Plaintiff a text message informing him that he could opt out of receiving text messages.

30.     Between June of 2013 and July of 2014, Plaintiff received automated text messages from Lyft, including from phone number (415) 635-0488.

31.     These text messages are not personalized to Plaintiff and are large automated text distributions from Lyft to multiple recipients.

32.     The automated text messages that Lyft sent to Plaintiff were to a cellular telephone number for which Plaintiff is charged for incoming calls and text messages as described in 47 U.S.C. §227(b)(1)(A)(iii).  The last four digits of Plaintiff's cellular telephone number is "1002."

33.     These text messages that Lyft sent were not for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34.     Lyft sent these text messages using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), (hereinafter an "ATDS").  Lyft's ATDS has the capability to both: (1) store or produce cellular telephone numbers to be texted using a random or sequential number generator, and (2) automatically send text messages from a list or database of cellular telephone numbers, without human intervention.

35.     These text messages from Lyft also constitute "artificial or prerecorded voice" calls prohibited by 47 U.S.C. § 227(b)(1)(A).

36. These text messages that Lyft sent to Plaintiff were sent without Plaintiff's prior express consent.

37. Plaintiff alleges that each text message he received from Lyft violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

38. This action has been brought and may be maintained as a class action under California Code of Civil Procedure § 382 because the proposed class is easily ascertainable and there is a well-defined community of interest in the litigation, as described further below.

39. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to represent a class of persons defined as follows:

> All persons in California who received a non-emergency text message on their cellular telephone from Lyft, using an automatic telephone dialing system, within the Class Period (hereinafter the "Class").

40. Defendants and their shareholders, officers, directors, employees and agents are excluded from the Class.

41. The aforementioned Class Period shall mean the period commending from no less than four years prior to the date this Complaint was filed and ending no later than the date of trial.

42. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the Class definition and Class Period with greater particularity or further division into subclasses or limitation to particular issues as warranted as additional facts are discovery by Plaintiff during his future investigations.

43. Plaintiff does not, as yet, know the exact size of the Class. Based upon the nature of Lyft's business, Plaintiff believes that there are numerous Class members, and that Class members

1  are geographically dispersed throughout the State of California.  Thus, the Class is sufficiently

2  numerous to make joinder impracticable, if not completely impossible. The disposition of the

3  claims of all members of the Class in a class action will benefit both the parties and the Court.  In

4  addition, the Class is readily identifiable from information and records in the possession of Lyft,

5  the Class and third parties.

6

7  44.    There is a well-defined community of interest in the questions of law and fact involved

8  affecting the parties to be represented.  The questions of law and fact to the Class predominate

9  over questions which may affect individual Class members, including the following:

10  a.    Whether, during the Class Period, Defendant sent any text messages to Plaintiff's

11  and Class members' telephone numbers assigned to a cellular telephone service;

12

13  b.    Whether, during the Class Period, Defendant sent any text messages to Plaintiff's

14  and Class members' cellular telephone numbers using an ATDS;

15  c.    Whether, during the Class Period, Defendant sent any text messages to Plaintiff's

16  and Class members' cellular telephone numbers for an emergency purpose;

17

18  d.    Whether Defendant obtained valid express consent from any recipient of the

19  automated text messages sent during the Class Period;

20  e.    Whether Plaintiff and members of the Class are entitled to an award of $500.00 in

21  statutory damages, for each and every negligent violation of the TCPA;

22

23  f.    Whether Plaintiff and members of the Class are entitled to an award of $1,500.00

24  in statutory damages, for each and every knowing and/or willful violation of the TCPA; and

25  g.    Whether Defendant should be enjoined from engaging in such unlawful conduct

26  in the future.

27

28

45.     Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, were exposed to virtually identical conduct and is entitled to actual and statutory damages per violation pursuant to 47 U.S.C. § 227(b)(3).

46.     Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no interest that is contrary to or in conflict with those members of the Class he seeks to represent. Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation involving TCPA violations to further ensure such protection and he intends to prosecute this action vigorously.

47.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Moreover, the Class members' individual damages are insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.  Absent a class action, the Class will continue to face the potential for irreparable harm, and continued violations of law will be allowed to proceed without remedy as Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein absent certification as a class action.

48.     In addition, Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

### SUBSTANTIVE ALLEGATIONS

49.     At all relevant times, Plaintiff and the Class are, and at all times mentioned herein, were "persons" as defined by 47 U.S.C. § 153(10).

50.     Lyft is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(10).

51.     On multiple occasions over numerous days, within the applicable statute of limitations period and four years prior to the date this Complaint was filed, Lyft sent text messages to Plaintiff and the Class on their cellular telephone numbers using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

52.     The text messages sent to Plaintiff and the Class by Lyft constituted "artificial or prerecorded voice" calls prohibited by 47 U.S.C. § 227(b)(1)(A).

53.     The telephone numbers of Plaintiff and the Class called by Lyft were assigned to a cellular telephone service for which they incurs a charge for incoming calls as defined by 47 U.S.C. § 227(b)(1).

54.     The text messages sent to Plaintiff and the Class by Lyft constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

55.     Plaintiff and the Class did not provide express consent to Lyft to receive text messages on Plaintiff's and the Class' cellular telephones, pursuant to 47 U.S.C. § 227(b)(1)(A).

56.     As a result, the telephone calls made to Plaintiff and the Class by Lyft were in violation of 47 U.S.C. § 227(b)(1).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227 et seq.)
(Against All Defendants)

57.     Plaintiff incorporates by reference all above paragraphs as though fully repeated herein.

58.     The TCPA prohibits the use of an ATDS to make any call or send any text message to a wireless cellular telephone number without the prior express consent of the contacted party or in the absence of an emergency.

59.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

60.     As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3).

61.     As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3).

62.     Plaintiff and members of the Class also suffered damages in the form of text message, data, and other charges to their cellular telephone plans.

63.     Plaintiff and members of the Class are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future.

**SECOND CAUSE OF ACTION**
**(Unlawful and Unfair Business Acts and Practices**
**in Violation of California Business & Professions Code §§ 17200 et seq.)**
(Against All Defendants)

64.     Plaintiff incorporates by reference all above paragraphs as though fully repeated herein.

65.     The conduct, business acts and practices of Defendant as alleged herein constituted "unlawful" and "unfair" business acts and practices within the meaning of the California's Unfair Competition Laws, California Business & Professions Code §§ 17200 et seq.

66.     Defendant has engaged in "unlawful" business acts and practices by Defendant's negligent, knowing, and/or willful sending text messages to Plaintiff and the Class on their cellular telephones, in violation of the TCPA, and thereby invading Plaintiff's and the Class' California Constitutional right to privacy.  Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

67.     Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's negligent, knowing, and/or willful sending text messages to Plaintiff and the Class on their cellular telephones, in violation of the TCPA, and the invasion of Plaintiff's and the Class' California Constitutional right to privacy outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to Plaintiff and the Class.

68.     The aforementioned "unlawful" or "unfair" business acts or practices conducted by Defendant has been committed in the past and is believed to continue to this day. Defendant has failed to acknowledge the wrongful nature of its actions, and Defendant has not corrected or ceased its "unlawful" and "unfair" conduct.

- 13 -
CLASS ACTION COMPLAINT

69.     Plaintiff and members of the Class have suffered an injury in fact, were harmed by the acts of Defendant in at least the following ways: (a) Defendant illegally sent text messages to Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class members previously paid; (b) by having to retrieve or administer text messages sent by Defendant illegally; and (c) invading the privacy of Plaintiff and the members of the Class by sending text messages without their prior expressed consent.

70.     Additionally, Plaintiff and members of the Class have suffered a loss of money or property in the form of cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class members previously paid, and have suffered a loss of money or property in that Plaintiff and the Class have suffered and are each entitled to $500.00 in statutory damages, for each and every negligent violation of the TCPA, and $1,500.00 in statutory damages, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

71.     Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court requiring full restitution of all monies wrongfully acquired by Defendant from them by means of such "unlawful" and "unfair" conduct, so as to restore any and all monies to Plaintiff and the Class which were acquired from them and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendant.

72.     Pursuant to the Business & Professions Code § 17203, Plaintiff and the Class also seek an order enjoining Defendant from engaging in any conduct that facilitates further violations of the TCPA.  Absent injunctive relief from the Court, Defendant is likely to continue to injure Plaintiff and the Class.

73.     Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and the Class also seek an order awarding them reasonable attorney's fees from Defendant because this action involves the enforcement of an important right affecting the public interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

A.     Statutory damages of $500.00 for each negligent violation of the TCPA during the Class Period;

B.     Statutory damages of $1,500.00 for each knowing or willful violation of the TCPA during the Class Period;

C.     Actual and punitive damages arising from Defendants' negligent and willful or intentional illegal conduct;

D.     An injunction enjoining Defendant from engaging in any conduct that facilitates further violations of the TCPA;

E.     Restitution of all monies wrongfully acquired by Defendant derived from such unlawful activity;

F.     Attorney's fees;

G.     Litigation expenses and costs of the instant suit; and

H.     Such other or further relief as the Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: December 17, 2015

KEEGAN & BAKER, LLP

Patrick N. Keegan, Esq.
Attorney for Plaintiff DOUGLAS O'CONNOR

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> ─ Patrick N. Keegan, Esq. (SBN 167698) <br> KEEGAN & BAKER, LLP <br> 5055 Avenida Encinas, Suite 240 <br> Carlsbad, CA 92008 <br> TELEPHONE NO.: (760) 929-9303   FAX NO.: (760) 929-9260 <br> ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY <br><br> **FILED** <br> SAN MATEO COUNTY <br><br> DEC 18 2015 <br><br> Clerk of the Superior Court <br> By _____ <br> DEPUTY CLERK |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern

**CASE NAME:**
DOUGLAS O'CONNOR v. LYFT, INC.

| **CIVIL CASE COVER SHEET** <br> ☑ Unlimited    ☐ Limited <br> (Amount    (Amount <br> demanded    demanded is <br> exceeds $25,000)    $25,000 or less) | **Complex Case Designation** <br> ☐ Counter    ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: <br> CIV536658 <br> JUDGE: <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** <br> **(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☑ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Two
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 17, 2015

Patrick N. Keegan, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SAN MATEO COUNTY
DEC 1 8 2015
Clerk of the Superior Court
By
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LYFT, INC., a Delaware Corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DOUGLAS O'CONNOR, individually and on behalf of all other persons similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es)*: San Mateo Superior Court | CASE NUMBER: *(Número del Caso):* CIV536658 |
| --- | --- |

Southern Branch
400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick Keegan, Keegan & Baker, LLP, 5055 Avenida Encinas, Ste. 240, Carlsbad CA 92008 (760) 929-9303

BY FAX

| DATE: *(Fecha)* DEC 1 8 2015 | RODINA M. CATALANO *(Secretario)* | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |
| --- | --- | --- |

| Attorney or Party without Attorney (Name/Address)<br>Patrick N. Keegan, Esq.<br>KEEGAN & BAKER, LLP<br>5055 Avenida Encinas, Suite 240, Carlsbad, CA 92008<br>Telephone: (760) 929-9303<br>State Bar No.: 167698<br>Attorney for: Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>SAN MATEO COUNTY<br>DEC 8 2015<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff    DOUGLAS O'CONNOR | |
| Defendant    LYFT, INC. | |
| **Certificate Re Complex Case Designation** | Case Number<br>C I V 5 3 6 6 5 8 |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

**BY FAX**

1.    In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

      ❑ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

      ❑ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

      ☒ Box 5 – Is [or is not] a class action suit.

2.    This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

Complexity of anticipated factual and/or legal issues.

_____

_____

_____

_____

_____

*(attach additional pages if necessary)*

3.      Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

**\*\*\*\*\***

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated: December 17, 2015

Patrick N. Keegan, Esq.
[Type or Print Name]                              [Signature of Party or Attorney For Party]

# NOTICE OF CASE MANAGEMENT CONFERENCE

DOUGLAS O'CONNOR

FILED
SAN MATEO COUNTY

DEC 18 2015

Clerk of the Superior Court
By
DEPUTY CLERK

vs.

LYFT, INC.

Case No: C I V 5 3 6 6 5 8

Date: 04 / 08 / 2016

Time 9:00 a.m.

Dept. _____  —on Tuesday & Thursday.

Dept. 2  —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written abo

1.    In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby order to:

   a)   Serve all named defendants and file proofs of service on those defendants with the court within 60-days of fi the complaint (CRC 201.7).

   b)   Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in action.

   c)   File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d)   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later th 30-days before the date set for the Case Management Conference.

2.    If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Orde to Show Cause hearing will be at the same time as the Case Management Conference hearing.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.    Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.    Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to th Arbitration Administrator.  If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference w continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new C Management Conference date.

5.    If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Managemen Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close t case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.    You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conferer noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.    The Case Management judge will issue orders at the conclusion of the conference that may include:

   a)   Referring parties to voluntary ADR and setting an ADR completion date;

   b)   Dismissing or severing claims or parties;

   c)   Setting a trial date.

8.    The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at:  www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days p to the scheduled conference (see attached CourtCall information).

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, ~~state bar number, and address)~~:* | FOR COURT USE ONLY |
|---|---|
| Patrick Keegan, 167698<br>Keegan & Baker, LLP<br>5055 Avenida Encinas<br>Carlsbad, CA 92008<br>TELEPHONE NO.: (760) 929-9303 Ext 100<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>SAN MATEO COUNTY<br>JAN 1 4 2016<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Mateo County
400 County Center
Redwood City, CA 94063-1655

| PLAINTIFF/PETITIONER: Douglas O'Connor | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Lyft, Inc. | CIV536658 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>5145-Lyft |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Certificate Re Complez Case Designation, Civil Case Cover Sheet, Frequently Asked Questions for Attorneys and Partes Re Nonrefundable Jury Fee, ADR information packet, Notice of Case Management Conference

**BY FAX**

3. a. Party served: Lyft, Inc. A Delaware Corporation

   b. Person Served: Shannon Nazarenko  - Person Authorized to Accept Service of Process

4. Address where the party was served: 720 14th Street
   Sacramento, CA 95814

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 12/23/2015    (2) at *(time):* 3:38 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Lyft, Inc. A Delaware Corporation
   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: Jermaine deJose
   b. Address: One Legal - 194-Marin
      504 Redwood Blvd #223
      Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 0.00
   e. I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No. 2008-47
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 01/05/2016

Jermaine deJose

_____
Jermaine deJose
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. July 1, 2004]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 10025001