Patrick N. Keegan, Esq. (SBN 167698)
pkeegan@keeganbaker.com
James M. Treglio, Esq. (SBN 228077)
jtreglio@keeganbaker.com
KEEGAN & BAKER, LLP
6156 Innovation Way
Carlsbad, CA 92009
Tel: (760) 929-9303
Fax: (760) 929-9260

Attorney for Plaintiff Douglas O'Connor

MAYER BROWN LLP
JOHN P. ZAIMES (SBN 91933)
*jzaimes@mayerbrown.com*
RUTH ZADIKANY (SBN 260288)
*rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
ARCHIS A. PARASHARAMI (*pro hac vice* )
*aparasharami@mayerbrown.com*
1999 K Street, N.W.
Washington, District of Columbia  20006
Telephone: (202) 263-3000
Facsimile:  (202) 263-3300

Attorneys for Defendant
LYFT, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| DOUGLAS O'CONNOR, individually and on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LYFT, INC., a Delaware corporation; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 4:16-cv-00351-JSW <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Honorable Jeffrey S. White |

720904095

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted.  Accordingly, the parties to this action, Plaintiff Douglas O'Connor and Defendant Lyft, Inc., hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, as required by the Magistrate Judge's June 28, 2016 Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.      DEFINITIONS**

2.1      <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2      <u>"CONFIDENTIAL" Information or Items</u>: Confidential or proprietary technical, scientific, financial, market, trade secret or business information which is not generally known or publicly available and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good-faith judgment of the Designating Party, be detrimental to the Designating Party in the conduct of its business.

2.3      <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4      <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, (3) is not a past or current employee of a Party's competitor and was not, and currently is not, engaged by any such competitor, and (4) at the time of retention, is not anticipated to become an employee of a Party or business competitor of a Party or to be engaged by such a competitor

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     <u>In-House Counsel</u>: Attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Inadvertent Production Material</u>: Disclosure or Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable protection from discovery that is inadvertently produced or disclosed in this action.

2.11    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.13    <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party

1   prior to the disclosure or obtained by the Receiving Party in a lawful manner via a lawful source

2   who obtained the information lawfully and under no obligation of confidentiality to the

3   Designating Party.  Any use of Protected Material at trial shall be governed by a separate

4   agreement or order.

5   **4.     DURATION**

6          Even after final disposition of this litigation, the confidentiality obligations imposed by

7   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

8   order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

9   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

10  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

11  including the time limits for filing any motions or applications for extension of time pursuant to

12  applicable law.  After the final disposition of this action, this Court will retain jurisdiction to

13  enforce the terms of this Order.

14  **5.     DESIGNATING PROTECTED MATERIAL**

15         5.1     Exercise of Restraint and Care in Designating Material for Protection.

16         Each Party or Non-Party that designates information or items for protection under this

17  Order must take care to limit any such designation to specific material that qualifies under the

18  appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

19  for protection only those parts of material, documents, items, or oral or written communications

20  that qualify – so that other portions of the material, documents, items, or communications for

21  which protection is not warranted are not swept unjustifiably within the ambit of this Order.

22         Mass, indiscriminate, or routinized designations are prohibited.  The Parties must not

23  make designations that are shown to be clearly unjustified or that have been made for an improper

24  purpose (e.g., to unnecessarily encumber or retard the case development process or to impose

25  unnecessary expenses and burdens on other parties).

26         If it comes to a Designating Party's attention that information or items that it designated

27  for protection do not qualify for protection at all or do not qualify for the level of protection

28

4

720904095

1    initially asserted, that Designating Party must promptly notify all other Parties that it is

2    withdrawing the mistaken designation.

3         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

4    (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

6    designated before the material is disclosed or produced.

7         Designation in conformity with this Order requires:

8         (a)    for information in documentary form (e.g., paper or electronic documents,

9    but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

10   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

11   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

12   protected material.  If only a portion or portions of the material on a page qualifies for protection

13   and to the extent possible, the Producing Party also must clearly identify the protected portion(s)

14   (e.g., by making appropriate markings in the margins).

15        A Party or Non-Party that makes original documents or materials available for inspection

16   need not designate them for protection until after the inspecting Party has indicated which

17   material it would like copied and produced.  During the inspection and before the designation, all

18   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

20   copied and produced, the Producing Party must determine which documents, or portions thereof,

21   qualify for protection under this Order.  Then, before producing the specified documents, the

22   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

24   CODE") to each page that contains Protected Material. If only a portion or portions of the

25   material on a page qualifies for protection, the Producing Party also must clearly identify the

26   protected portion(s) (e.g., by making appropriate markings in the margins).  For documents

27   produced electronically in a format that includes separate pagination, to the extent practicable, the

28   Designating Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each electronic page of such documents that contains Protected Material.  For documents produced in a format which does not lend itself to separate pagination, confidentiality shall be designated in a reasonable manner.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that different portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.**  Parties shall act with caution at court hearings and conferences so as not to disclose Protected Material publicly without providing an opportunity for the Designating Party to be heard concerning, as appropriate, sealing the courtroom, sealing the transcript, or other relief.  For court hearings and conferences, a Party shall provide at least 48 hours' notice to the Designating Party before discussing, displaying, submitting as evidence, or otherwise entering into the record any Protected Material produced by the other Party.  Notwithstanding the foregoing sentence, this advance-notice requirement shall not apply in circumstances where the Party could not have reasonably

720904095

anticipated so using Protected Material at the court hearing or conference.  The Designating Party may move to seal the Protected Material or for other relief either in writing or orally, either before or during the court hearing or conference.  **The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.**

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to timely secure protection under this Order for such material.

In the event that any document, material, or testimony that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" designation is inadvertently produced without

7

1   such designation, the Producing Party that inadvertently produced the document shall give written

2   notice of such inadvertent production, together with a further copy of the subject document,

3   material, or testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" (the

5   "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party

6   that received the inadvertently produced document, material, or testimony shall promptly destroy

7   the inadvertently produced document, material, or testimony and all copies thereof, or return such

8   together with all copies of such documents, material, or testimony to counsel for the Producing

9   Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" designated

11  documents, material, or testimony.   Should the Receiving Party choose to destroy such

12  inadvertently produced document, material, or testimony, the Receiving Party shall notify the

13  Producing Party in writing of such destruction within 14 days of receipt of written notice of the

14  inadvertent production.  This provision is not intended to apply to any inadvertent production of

15  any document, material, or testimony protected by attorney-client or work product privileges.

16  **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17          6.1      <u>Timing of Challenges</u>.   Any Party or Non-Party with standing to do so may

18  challenge a designation of confidentiality at any time.   Unless a prompt challenge to a

19  Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial

20  unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a

21  Party does not waive its right to challenge a confidentiality designation by electing not to mount a

22  challenge promptly after the original designation is disclosed.

23          6.2       <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

24  process by providing written notice of each designation it is challenging and describing the basis

25  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

26  notice must recite that the challenge to confidentiality is being made in accordance with this

27  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

28  good faith and must begin the process by conferring directly within 7 days of the date of service

720904095

of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Party to sanctions.   All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

720904095

1    When the litigation has been terminated, a Receiving Party must comply with the provisions of

2    section 15 below (FINAL DISPOSITION).

3         Protected Material must be stored and maintained by a Receiving Party at a location and

4    in a secure manner that ensures that access is limited to the persons authorized under this Order.

5         7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise

6    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

7    disclose any information or item designated "CONFIDENTIAL" only, and as applicable, to:

8         (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

9    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

10   information for this litigation;

11        (b)    the officers, directors, and employees (including In-House Counsel) of the

12   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

13   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14        (c)    an Expert of the Receiving Party to whom disclosure is reasonably

15   necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be

16   Bound" (Exhibit A);

17        (d)    the Court and its personnel;

18        (e)    court reporters and their staff, professional jury or trial consultants, and

19   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

20   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21        (f)    during their depositions, witnesses in the action to whom disclosure is

22   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

23   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

24   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

25   separately bound by the court reporter and may not be disclosed to anyone except as permitted

26   under this Stipulated Protective Order; and

27        (g)    the author or recipient of a document containing the information or a

28   custodian or other person who otherwise possessed or knew the information.

10

720904095

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The Parties agree that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items shall not be disclosed to the named plaintiffs in this action or any of the putative class members;

(b)     an Expert of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Receiving Party's In-House Counsel and the paralegal, clerical, secretarial, or e-Discovery employees who work for In-House Counsel to whom disclosure is reasonably necessary for this litigation;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

720904095

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) indicates that the information that the Receiving Party seeks permission to disclose to the Expert is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE", (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (5) of this disclosure, if the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the expert believes can be disclosed, without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(b)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert must file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

Notwithstanding the foregoing provisions, Disclosure or Discovery Material may be provided to an Expert only to the extent necessary for such Expert to prepare a written opinion, to prepare to testify, or to assist counsel or the Parties, provided that such Expert is using said Disclosure or Discovery Material solely in connection with this litigation, and further provided that such Expert has previously executed an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Stipulated Protective Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulated Protective Order, and agreeing not to disclose or use any Disclosure or Discovery Material for purposes other than those permitted hereunder.

7.5     <u>Custody of Executed Copies of "Acknowledgment and Agreement to Be Bound" (Exhibit A) and Providing Copies to other party</u>.  Outside Counsel for the Party that obtains the signed copy of an "Acknowledgment and Agreement to Be Bound" (Exhibit A) required under this Protective Order, shall retain the original executed copy for one year following the final termination of this action, including any appeals, and shall make them available to other Parties

13

720904095

upon good faith request.  All such executed copies of Exhibit A shall themselves be treated as CONFIDENTIAL information.

**8.**      **SOURCE CODE**

8.1      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

8.2      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.

8.3      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.

8.4      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed. *In the event the relevant source code is produced in a format other than a paper format, the following applies:*  The computer containing source code will be made available upon reasonable notice to the Producing Party, which shall not be less than 7 days in advance of the requested inspection. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Receiving Party shall not bring a cellular telephone, laptop computer, or any recordable media or recordable device into the source code room.  The Producing Party shall provide a backup secured computer within two business days in the event that the primary secured computer fails or otherwise suffers technical problems impeding the inspection. The Receiving Party may request that software tools for viewing and searching source code be installed on the secured computer. The Receiving Party must provide the Producing Party with the CD or DVD containing the agreed upon software

14

tool(s) at least four business days in advance of the inspection. The tools may not allow the source code to be compiled. The Receiving Party's counsel or experts shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. All persons viewing Source Code shall sign on each day they view Source Code a log that will includes the names of persons who enter the secured room to view the Source Code and when they enter and depart.

8.5     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial. The Producing Party shall provide all such source code within 5 business days on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.     In no case may the Receiving Party request more than 5 consecutive pages, or an aggregate of more than 50 pages, of Source Code during the duration of the case without prior written approval of the Producing Party.

8.6     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall provide a copy of this record to the Producing Party upon Court order.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its

case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

**10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

10.3     If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Notwithstanding the foregoing, nothing in this paragraph shall be construed as to limit a Designating Party's rights or remedies relating to the unauthorized disclosure of its Protected Material, or any injury resulting therefrom.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1    Pursuant to Federal Rule of Evidence 502(d), in the event that Inadvertent Production Material is produced or disclosed, such inadvertent production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable protection in this case or any other federal or state proceeding, provided that the Producing Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced.

12.2    If a claim of inadvertent production is made, pursuant to this Stipulated Protective Order, with respect to Discovery Material then in the custody of another Party, that Party shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and certify in writing to that fact; and (iii) not disclose or use the claimed Inadvertent Production Material for any purpose until further order of the Court expressly authorizing such use.

12.3    A Party may move the Court for an order compelling production of the Inadvertent Production Material on the ground that it is not, in fact, privileged or protected.  The motion shall

be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. Any effort to file under seal pursuant to this paragraph must comply with Civil Local Rule 79-5. The Producing Party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed or produced information. While such a motion is pending, the Inadvertent Production Material at issue shall be treated in accordance with Paragraph 12.2 above.

If a Party, in reviewing Disclosure or Discovery Material it has received from any other Party or any non-Party, finds anything the reviewing Party believes in good faith may be Inadvertent Production Material, the reviewing Party shall: (i) refrain from any further examination or disclosure of the potentially Inadvertent Production Material; (ii) promptly identify the material in question to the Producing Party (by document number or other equally precise description); and (iii) give the Producing Party seven (7) days to respond as to whether the Producing Party will make a claim of inadvertent production. If the Producing Party makes such a claim, the provisions of Paragraphs 12.1-12.2 above shall apply.

**13.    MISCELLANEOUS**

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

19

720904095

establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.  If a Receiving Party believes that only a portion of Designated Material is Protected Material, the Receiving Party and Producing Party shall meet and confer in good faith concerning the redaction of only the Protected Material prior to filing with the Court.

13.4    Right to Seek Further Protection.  Nothing in this Stipulated Protective Order shall be construed to preclude any Party from asserting in good faith that certain Protected Materials require additional protections.  The Parties shall meet and confer to agree upon the terms of such additional protection.

13.5    Additional Signatories.  Any Party or Non-Party to this Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulated Protective Order.

**14.    PROSECUTION BAR**.    Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information of the opposing party shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information he or she received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party

1    challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

2    protest, *ex parte* reexamination or *inter partes* reexamination).  This Prosecution Bar shall begin

3    when access to "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY

4    CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and

5    shall end two (2) years after final termination of this action.

6    **15.**    **FINAL DISPOSITION**.  Within 60 days after the final disposition of this action, as

7    defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing

8    Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all

9    copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of

10   the Protected Material.  Whether the Protected Material is returned or destroyed, and upon request

11   by the Producing party, the Receiving Party must submit a written certification to the Producing

12   Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

13   (1) identifies (by category, where appropriate) all the Protected Material that was returned or

14   destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

15   compilations, summaries or any other format reproducing or capturing any of the Protected

16   Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

17   pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

18   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

19   consultant and expert work product, even if such materials contain Protected Material.  Any such

20   archival copies that contain or constitute Protected Material remain subject to this Protective

21   Order as set forth in Section 4 (DURATION).

22   Dated: June 28, 2016                    KEEGAN & BAKER LLP

23

24                                           By:  */s/ James M. Treglio*
                                             James M. Treglio
25
                                             Attorneys for Plaintiff
26                                           DOUGLAS O'CONNOR

27

28

720904095

1    Dated: June  28, 2016                        MAYER BROWN LLP

2

3                                                 By:  /s/Ruth Zadikany
                                                  Ruth Zadikany
4
                                                  Attorneys for Defendant
5                                                 LYFT, INC.

6
      Dated: June 29, 2016
7

8

9                                              APPROVED

10

11                                          Judge Laurel Beeler

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        22
720904095

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of O'Connor v. Lyft, Inc., Case No. 4:16-cv-00351-JSW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

1